## THE IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LITTLE CHUBBY ONE INC. | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| GLAMPINGGADGETS L.L.C. d/b/a SplendidProducts | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Little Chubby One Inc. ("LCO" or "Plaintiff"), by and through its attorneys, hereby alleges for its Complaint against GlampingGadgets L.L.C., Amazon seller name SplendidProducts ("GG" or "Defendant") on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for non-infringement and cancellation of Defendant's copyright under 17 U.S.C. §§ 101, *et seq.*, for tortious interference with prospective economic advantage and trade libel by Defendant, as well as related claims under the statutory and common laws of the State of New York.

2. Defendant, in an apparent attempt to monopolize designs of children's tactile toys, have conducted an aggressive enforcement program by harassing and bullying businesses into submission, preventing lawful sales of unrelated products across numerous retailers.

3. In an attempt to evoke fear in the minds of the Plaintiff, Defendant has demanded that Plaintiff cease all sales of Plaintiff's Buckle Pillow products ("Buckle Pillow"), while failing to provide even a cursory analysis of purported infringement.

4. Plaintiff has thus been forced to file this action to vindicate its rights to sell its Buckle Pillow.

## PARTIES

5. Plaintiff is a New York corporation with a place of business at 55 Old Nyack Turnpike, Suite 204, Nanuet, New York 10954. Plaintiff specializes in children's toys and activities.

6. Upon information and belief, Defendant is a Utah corporation with a principal place of business at 4670 N. 1100 W, Brigham City, Utah 84302. Defendant may be served via its registered Agent, Sean Isaac Rasmussen at the same address.

## JURISDICTION AND VENUE

7. This action arises under the Declaratory Judgment Act, 28 U.S.C § 2201 and 2202, Federal Rule of Civil Procedure 57, the Copyright Act, 17 U.S.C. § 101 *et seq.*, and related claims, due to Defendant's assertions of copyright infringement of U.S. Copyright Registration No. VA0002242415 (the "Asserted Registration") related to Defendant's Narwhal Pillow ("Narwhal"). A copy of the Asserted Registration's abstract is attached hereto as Exhibit A.

8. Subject matter jurisdiction over the claims is conferred upon this Court by 28 U.S.C. § 2201 and 2202 (declaratory judgment) 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338 (original jurisdiction), 17 U.S.C. § 501 (copyright jurisdiction), 28 § U.S.C. 1332 (diversity jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

3

9. This Court also has personal jurisdiction over Defendant because, upon information and belief, Defendant maintains continuous and systematic contacts within New York, derives substantial revenue from New York, and has committed acts giving rise to this action within New York and within this District, including, *inter alia*, accusing Plaintiff of copyright infringement and related claims in this District, and alleging or implying, due to Plaintiff's headquarters within this District, that such alleged infringement took place within the District.

10. The exercise of personal jurisdiction comports with Defendant's right to due process, because they have purposefully availed themselves of the privilege of conducting activities nationally, including within the Southern District of New York, such that they should reasonably anticipate being hailed into court here.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Plaintiff resides within this District. Moreover, Defendants have directed their enforcement activities at the Plaintiff in this District, and a substantial part of the events giving rise to the claim occurred in this District.

## EXISTENCE OF AN ACTUAL CONTROVERSY

12. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. § 2201 and 2202.

13. On or before March 14, 2021, Defendant filed one or more complaints for copyright infringement with Amazon.com ("Amazon"), alleging that various Plaintiff products, under numerous Amazon identification numbers ("ASIN"), infringe the Asserted Registration.

14. Plaintiff denies that it infringes the Asserted Registration, and believes it is invalid, unenforceable and subject to invalidation.

15. Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendant as to whether Plaintiff's Buckle Pillow infringes the Asserted Registration, and whether the Asserted Registration is invalid, unenforceable and/or subject to cancellation.

16. Absent a declaration of non-infringement and/or invalidity and cancellation, Defendant will continue to wrongfully allege that Plaintiff's Buckle Pillow infringes its Asserted Registration, thereby causing irreparable injury and damage to Plaintiff.

17. Absent such a declaration, Defendant will continue to engage in abusive processes of bullying smaller businesses into submission in its attempt to monopolize a market to which it has no right to do so.

18. Absent such a declaration, Defendant will continue to interfere with Plaintiff's long-standing reputable business relationships, including its stellar reputation on Amazon, resulting in irreparable harm to Plaintiff's reputation with its business partners, and impeding Plaintiff's lawful sales of not only its Buckle Pillow products, but also putting its other product sales in jeopardy based on its baseless, bad faith infringement allegations and permanently tarnishing its ability to trade on its reputation.

**DEFENDANTS' BAD FAITH ASSERTIONS OF THE ASSERTED MARKS**

19. As discussed above, Defendant communicated with retailers and third-party platforms, including Amazon, alleging that Plaintiff's Buckle Pillow infringes the Asserted Registration.

20. Defendant's allegations were in bad faith. At the time of making the allegations to Amazon, Defendant was aware that Plaintiff's Buckle Pillow does not infringe the Asserted Registration.  At the time of making the allegations to Amazon, Defendant was aware that the

Asserted Registration is invalid, non-infringement, unenforceable and subject to cancellation at least due to their functionality and as discussed in further detail below.

### COUNT I: DECLARATION OF INVALIDITY OF THE ASSERTED REGISTRATION DUE TO FUNCTIONALITY

21. Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

22. Defendant's Asserted Registration for its Narwhal is insufficiently artistic or creative, and cannot exist separately and independently from the article.

23. Defendant's Asserted Registration purports to protect the Narwhal's sculptural features. The various buckles incorporate a functional design and features. Indeed, the Buckle Toy's features are specifically configured for "Fine Motor Development," as stated on the Amazon listing attached hereto as Exhibit B ,as well as "Zipper Skills" and "uniquely designed to appeal…to fascination..." Thus, these features are intended to engage children and "help…with fine motor skills and…hand eye coordination."

24. The features of the Narwhal are specifically placed to develop skills in children, and is clearly functional.

25. For at least these reasons, the Asserted Registration should be declared invalid and cancelled.

### COUNT II: DECLARATION OF NON-INFRINGEMENT OF THE ASSERTED REGISTRATION

26. Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

27. To infringe a copyright, the allegedly infringed product requires substantial similarity in appearance of copyrightable features of the copyrighted work, without consideration of the non-copyrighted features, such as its functional features.

28. Plaintiff's Buckle Pillow is not substantially similar to the Asserted Registration.

29. A discerning ordinary observer evaluating the Buckle Pillow and Buckle Toy would consider each to incorporate different aesthetic appeal.

30. The Asserted Registration does not incorporate any original, creative and non-functional features that are similar to the Buckle Pillow. Defendant has failed to identify, with particularity, the substantial similarity between the Buckle Pillow and the Asserted Registration.

31. For at least these reasons, the Asserted Registration should be declared not-infringed.

## COUNT III: DECLARATION OF UNENFORCEABILITY OF THE ASSERTED REGISTRATION DUE TO COPYRIGHT MISUSE

32. Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

33. Defendant's activities in enforcing its Asserted Registration amounts to abusive and improper conduct. Defendant attempts to monopolize the market for pillows with buckles. In doing so, Defendant has violated public policy.

34. Defendant's copyright misuse attempts to use copyright to secure an exclusive right or limited monopoly not expressly granted by copyright law. Defendant, in filing complaints with third-party platforms such as Amazon that are legally-obligated to act on such allegations due to the DMCA, attempts to extend and enlarge its rights by preventing competitors from selling a product that performs the same function.

35. For at least these reasons, the Asserted Registration should be declared unenforceable due to copyright misuse.

### COUNT IV: DECLARATION OF NO DECEPTIVE TRADE PRACTICES UNDER N.Y. G.B.L. §349

36. Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

37. For the reasons set forth above, Plaintiff has not engaged in deceptive trade practices.

38. Plaintiff's actions are lawful, and due to the non-infringement and invalidity of the Asserted Registration, do not trigger standing for Defendant to bring such claims.

39. For at least these reasons, Plaintiff is entitled to a judgment that it does not engage in deceptive trade practices.

### COUNT V: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

40. Plaintiff re-alleges and incorporate the allegations of all of the paragraphs in this complaint as if fully set forth herein.

41. Defendant has baldly asserted the Asserted Registration, knowing that such registration is not infringed by Plaintiff.

42. Defendant has baldly asserted the Asserted Registration, knowing that such registration is invalid.

43. Defendant has baldly asserted the Asserted Registration, knowing that such registration is unenforceable.

44. Asserting a copyright that Defendant knows is invalid is bad faith. Asserting a copyright that Defendant knows was obtained fraudulently is bad faith. Asserting a copyright known to not be infringed is bad faith.

45. Due at least to offering its products for sale on numerous e-commerce platforms including Amazon, including the Buckle Pillow, Plaintiff is a party to a valid contract granting it rights to sell the Buckle Pillow on such platforms and to retailers. Plaintiff continues to develop its economic relationship with its sales channels, and intends to continue selling on the platforms and through their sales channels. Plaintiff further has reasonable expectations of entering into future contracts with its retailers and e-commerce platforms, including Amazon.

46. Defendant possesses full knowledge of Plaintiff's reasonable expectation of entering into future contracts with its sales partners to continue selling products, as it engages in similar practices.

47. Defendant's communications with at least Amazon, including its baseless infringement allegations against Plaintiff, were solely out of malice, and used dishonest, unfair and improper means. Even a cursory review of the Asserted Registration would lead one to the conclusion that Plaintiff does not infringe, and that the Asserted Registration is invalid.

48. Defendant's communications with Plaintiff's partners were threats of litigation.

49. Defendant, in contacting Amazon, intentionally attempted to cause disruption and/or termination the relationship between Plaintiff and Amazon, and ultimately resulting in the listings for the Buckle Pillow being removed prior to the filing of this complaint.

50. Due to Defendant's acts, Plaintiff's relationships with its partners, including Amazon, are at risk.

51. Plaintiff's relationship with its partners, including Amazon, has been permanently tarnished due to Defendant's infringement allegations. Moreover, Plaintiff has new and existing customers, who shop for Plaintiff's goods, who can no longer purchase the Buckle Pillow on their preferred platform. These customers may choose to now otherwise make purchases from other vendors, to the detriment of Plaintiff.

52. Plaintiff has suffered and will continue to suffer damages due to Defendant's tortious interference with its prospective economic advantage.

53. Plaintiff has suffered and will continue to suffer irreparable harm due to Defendant's tortious interference with its prospective economic advantage.

## COUNT VI: TRADE LIBEL

54. Plaintiff re-alleges and incorporates the allegations of all of the paragraphs in this complaint as if fully set forth herein.

55. Defendant knowingly, and without justification, made (and/or caused to be made) materially false representations in writing to third parties, including to Amazon, by which Defendant falsely stated that Plaintiff infringed the Asserted Registration. Such statements are materially false.

56. Defendant's statements were false in that, among other things, (a) Defendant did not have enforceable trademark rights in the Asserted Registration; and (b) Plaintiff's Buckle Pillow does not infringe the Asserted Registration.

57. Defendant's materially false representations were calculated to impugn Plaintiff's business reputation and that of its products sold on the websites of e-commerce platforms, including Amazon, and to dissuade others from doing business with Plaintiff and were calculated to otherwise interfere with Plaintiff's business relationships.

58. Defendant's materially false representations were substantial factors in inducing others, including Amazon, to not have certain business dealings with Plaintiff.

59. Defendant made (and/or caused to be made) such false communications regarding Plaintiff knowingly, intentionally, in bad faith and motivated solely by unrestrained self-interest, malice and/or disinterested malevolence, without legal or social justification.

60. Defendant's willful and intentional misconduct, without Plaintiff's knowledge or consent, irreparably injured and caused damage to Plaintiff in its business reputation.

61. As a result of Defendant's aforesaid acts and conduct, Plaintiff has been irreparably injured in its business and in its good name and character. Plaintiff's standing in its business has also been seriously impaired.

62. The false statements affected Plaintiff in its trade, business, and profession. Among other things, prior to Defendant's false statements, Plaintiff was generating substantial revenue on the Buckle Pillow. However, Plaintiff is no longer generating any revenue from sales of the Buckle Pillow on Amazon.

63. As discussed in more detail above, at the time it made the false statements to the e-commerce platforms, Defendant knew that such statements to the Third-Party Platforms were false or were made with reckless disregard for the truth in that Defendant knew that (a) the Buckle Pillow does not infringe the Asserted Registration; and (b) the Asserted Registration are invalid and subject to cancellation.

64. Defendant's statements were not mere statements of opinion.

65. Plaintiff is entitled to damages in excess of $100,000.

66. Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish and deter Defendant from engaging in further knowing acts of trade libel.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

A. Adjudging that Plaintiff has not infringed and is not infringing the Asserted Registration;

B. Adjudging that the Asserted Registration is invalid and subject to cancellation;

C. Adjudging that the Asserted Registration is unenforceable'

D. Adjudging that no false designation of origin exists;

E. Adjudging that no deceptive trade practices exist;

F. Awarding a permanent injunction enjoining Defendant and its affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with Defendant from interfering with Plaintiff's business;

G. Issuing a judgment declaring that Defendant and each of its officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Plaintiff infringes any the Asserted Registration or from instituting or initiating any action or proceeding alleging infringement the Asserted Registration against Plaintiff;

H. Ordering that Defendant immediately rescind all allegations of infringement of theAsserted Registration and related claims from any e-commerce platforms, distributors, resellers or retailers;

I. Awarding Plaintiff monetary and any other damages for tortious interference;

12

J.  Awarding Plaintiff monetary and any other damages, including punitive damages, for trade libel;

K.  Declaring Plaintiff as the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

L.  Ordering that Defendant pay all fees, expenses, and costs associated with this action; and

M.  Granting Plaintiff such further relief as this Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: April 2, 2021
New York, New York

By: /Andrew D. Bochner/
Andrew D. Bochner, Esq.
Bochner IP
295 Madison Avenue, 12th Floor
New York, New York 10017
(646) 971-0685

Attorney(s) for Plaintiff

# EXHIBIT A



**EXHIBIT B**


